# Fidelity & Deposit Co. of Maryland v. Board of Trustees of Elkton Graded Common School Dist.

(Decided Jan. 31, 1933.)

WM. MARSHALL BULLITT, LEO T. WOLFORD, BRUCE & BULLITT, L. S. BLICKENSTAFF, MIDDLETON, and E. S. PENICK. for appellant.

PETRIE & STANDARD for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The Fidelity & Deposit Company of Maryland (hereinafter called the surety company), appeals from a judgment rendered against it in the Todd circuit court in favor of the board of trustees of Elkton graded common school district.

At the November election of 1925, Walter Murrey was elected sheriff of Todd county for the ensuing four-year term of 1926 to 1929. On the 1st day of January, 1926, he executed his official bond as sheriff of said county, pursuant to Kentucky Statutes, sec. 4556, with

the surety company as his surety. The bond was renewed from year to year and kept in force and effect during his entire term of office. On the 4th day of January, 1926, the board of trustees of the Elkton graded common school district entered the following order:

> "Walter Murrey, newly qualified sheriff of Todd county was elected collector of all unpaid taxes for the year 1925 at a compensation of two per cent. (2%) upon all amounts collected."

A similar order was made each consecutive year thereafter, including the year 1929. The school taxes of the district were turned over to Murrey for collection pursuant to these orders of appointment as collector. The record does not disclose the amount of such taxes for each respective year, but does show an aggregate sum of $39,968.78, which was turned over to him during his incumbency as collector.

No separate bond as school tax collector was required of, or executed by, Murrey. The school district proceeded upon the theory that it had the right to select him as its tax collector by virtue of his office as sheriff, and that no additional bond was necessary.

Upon final settlement between the graded school district and Murrey, after his term of office had expired, he was found to be $1,076.15 short in his accounts. Within a short while after this settlement, Murrey paid $300 on his shortage, thereby leaving a balance of $776.15 yet due the school district. The school district then called upon the surety company to pay this balance, and, upon its refusal to do so, this suit was instituted by the school district against the surety company and Murrey to collect that balance.

Murrey filed no answer, and judgment by default was rendered against him. The surety company's answer was a traverse. In the lower court, a jury being waived, the case was tried by the court both as to the law and the facts. The court held, as a matter of fact, that Murrey was short in his accounts with the graded common school district in the sum of $776.15, and, as a matter of law, that the surety company, surety on his bond as sheriff, was liable for the amount of his shortage as tax collector for the graded common school district.

Counsel of appellant rests its case in this court solely upon the construction which it places upon section 4476 of the Kentucky Statutes, the pertinent parts of which are as follows:

"Said board of trustees shall elect a collector of taxes, who shall give good and sufficient bond to said board and who shall be allowed a fee not in excess of four per cent. on all funds collected. Provided, however, that if the said board of education selects the sheriff as the collector of taxes, it shall be his duty to act as such collector, at same fees as above provided "

The appellant contends that its liability as surety on Murrey's bond was fixed when it executed his bond as sheriff, and was not enlarged by his subsequent appointment as collector of graded common school district taxes. But the correctness of this argument depends upon whether Murrey, as collector of these school taxes, was performing a duty by virtue of his office as sheriff or not. If it was a part of his duty by virtue of his office as sheriff, the fact that his selection as collector of school tax was subsequent to the execution of his official bond as sheriff is immaterial. Equitable Surety Co. v. Newport, 194 Ky. 363, 238 S. W. 1046, 1047. In this case, supra, the court said:

"As sureties on an official bond are presumed to take notice of the fact that the legislative department may change the duties of their principal, it is the general rule that official bonds cover not merely duties imposed by existing laws, but duties imposed by subsequent laws. The rule, however, is confined to those cases where the new duties are of the same general nature and character, and therefore belong to and are naturally connected with the office, and does not apply where the new duties are disconnected from and foreign to the office."

Also see 22 R. C. L. 503; 46 C. J. 1066.

In view of the rule as enunciated in the Newport Case, supra, if Murrey was selected as collector of graded common school district taxes and performed such duty by virtue of his office as sheriff, it follows then, as a matter of course, that the surety company was presumed to have known that the collection of such school taxes was a part of the duties of the office of

sheriff in the event of his selection to act in such capacity. This statute, section 4476, supra, we must admit, is somewhat ambiguous. In an effort to arrive at the interpretation or meaning of this statute as intended by the Legislature, we have made a research of the history and steps leading up to its enactment in 1922.

We find in Senate Journal 1922, vol. 1754; Senate Bill No. 3, an act to repeal and re-enact certain sections of the Kentucky Statutes, including section 4476, supra, pertaining to graded common school districts, and including the manner and methods of raising and collecting revenue therefor. What later became section 4476 of our Statutes was first written in the bill, as may be seen on page 763 of said Senate Journal, thus:

"The sheriff of the county shall be the collector for each graded common school district in the county. He shall have the same power in his collection of such tax as in collecting other taxes the same penalty shall be added for a failure to pay the same, and he shall receive a commission of five (5) per cent. on the total amount collected."

On page 770 of Senate Journal, supra, we find the following amendment to this section of the bill:

"Amend Senate Bill No. 3, by striking out lines 265 to 269 inclusive and inserting in lieu thereof the following: 'Said Board of Trustees shall elect a collector of taxes who shall give good and sufficient bond to said board, and who shall be allowed a fee not in excess of 4% on all funds collected, provided, however, that if the said Board of Education selects the sheriff as the collector of taxes it shall be his duty to act as such collector at same fees as above provided.' Said amendment was agreed to."

This is the form which finally found its way into the wording of the present section 4476 of the Statutes.

It will be observed that the bill as originally introduced made the sheriff collector of such graded common school district taxes by virtue of his office, and did not give the board of education any choice or option in the selection of their collector. The amendment to the bill gives the board of trustees the option of *electing*

a collector or *selecting* the sheriff. It will be noted that the amendment to said bill uses the word *elect* with reference to a collector other than the sheriff, but uses the word *select* when referring to the sheriff. This is the present section 4476 of the Statutes. In other words, if the school district desires to choose a collector other than the sheriff, it must *elect* him, but, in case it chooses the sheriff, it simply *selects* him.

Kentucky Statutes, sec. 4476a-1, so far as pertinent, reads:

"That in all graded common school districts, other than those in cities of the first, second, third or fourth class, the collector, if he is not the sheriff, of the graded common school taxes therein, shall have power, and it shall be his duty, after the first day of September of each year, to distrain said taxes, etc." (As amended by acts 1928.)

This section, as amended by chapter 59, page 214, Acts 1928, was passed subsequent to the amendment of section 4476 by the Acts of 1922, but it has a significant bearing in construing section 4476, supra, in that it vests a collector other than the sheriff with power to destrain such taxes, thereby recognizing the fact that the sheriff is vested with such power by virtue of his office, and it would be useless to reinvest him with a power already possessed.

Counsel for appellant cites a number of cases and excerpts of opinions from a number of foreign states. It will be noted that in some of these cases there were local statutes in that particular state which expressly required a separate bond in the particular circumstances, and, in others, the nature of the offices were not of the same general nature and character, and come within the exception of the rule as set out in the case of Equitable Surety Co. v. Newport, supra. In this jurisdiction, the sheriff of the county is by virtue of his office the "collector of all state, county and district taxes, unless the payment thereof is, by law, especially directed to be made to some other officer." Section 4129, Kentucky Statutes. Such being the case, the sheriff ex officio would be the collector of these graded school taxes, unless the collection is by law especially directed to be made to some other officer. Section 4476 of the Statutes, here under discussion, takes the collec-

tion of these district taxes away from the sheriff only in the event a collector of taxes is elected by the board of trustees of the graded common school district. In the absence of such an election, they must assign the collection of these taxes to the sheriff. Thus there is harmony in the spirit and meaning of both sections, 4129 and 4476, of the Statutes.

The fact that Murrey had not been selected by the board of trustees to collect the school taxes prior to the execution of his official bond as sheriff is immaterial. The collection of these school taxes was a function of his office as sheriff, contingent, however, upon the school board's failure to elect a collector and under such circumstances their necessary selection of him to collect the taxes. This being true, his surety was liable on his sheriff's bond for the shortage involved in this case.

Perceiving no error in the findings of the chancellor, the judgment is affirmed.