## Shively v. Edwards, Sheriff.

(Decided Feb. 13, 1934.)

G. J. RICE for appellant.
JOHN L. VEST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This appeal involves a dispute as to the proper person to collect the taxes for the year 1933 in the Campbellsville graded school district in Taylor county. Each of the parties to this appeal claims the right to collect the taxes. The case was submitted in the court below on an agreed statement of facts, and the chancellor adjudged that J. D. Edwards, sheriff of Taylor county, was entitled to collect the taxes and Ray V. Shively has appealed.

J. D. Edwards qualified as sheriff of Taylor county in January, 1930, and served as such until January, 1934. During the year 1930, the board of trustees of the Campbellsville graded school district selected Edwards as collector of the taxes levied in the school district, and, without any additional order selecting him as tax collector for the district, he collected and accounted for the taxes in 1931 and 1932. In each of those years the clerk of the Taylor county court, in making out the tax receipts of the sheriff, placed upon the receipt of each person residing within the graded school district the amount of tax due to the district and certified same to the sheriff for collection and the board of trustees paid to him his fees for this work. In 1933 the county clerk prepared the tax receipts in the same manner and delivered them to the sheriff on August 19, 1933. The board of trustees of the graded school district paid the clerk for preparing these tax receipts. The sheriff collected the school taxes as he collected the state and county taxes, and, after he had collected a portion of

the 1933 taxes, the board of trustees of the graded school district on September 20, 1933, elected Ray V. Shively tax collector for the graded school district for the year 1933, and on September 25, 1933, Shively executed a bond to the board of trustees of the district in the penal sum of $1,000 as required by section 4476 of the Kentucky Statutes. During each of the years 1930, 1931, and 1932 Edwards had executed to the commonwealth a bond in the penal sum of $15,000 as collector of the taxes of the graded school district, and on September 26, 1933, he executed a similar bond as tax collector for the year 1933 which was approved by the county judge of Taylor county. Section 4476 of the Kentucky Statutes authorizes boards of trustees of graded common school districts to levy each year, not later than the last Saturday in June, a tax for establishing, maintaining, and operating the common schools of their respective districts within the limits therein fixed. It provides that the tax so imposed shall be collected on the assessed value of the property in the district as ascertained by the assessment of state and county property next preceding the collection of the tax. The statute then reads:

"Said board of trustees shall elect a collector of taxes, who shall give good and sufficient bond to said board and who shall be allowed a fee not in excess of four per cent. on all funds collected. Provided, however, that if the said board of education selects the sheriff as the collector of taxes, it shall be his duty to act as such collector, at same fees as above provided. Before entering upon his duties as collector, the treasurer which may be elected by the board shall give to each board of trustees a bond, in amount agreeable to the respective board of trustees and guaranteed by some surety company authorized to do business in the state, or good personal security, for the faithful performance of his duties. Said bond shall be paid for by the respective board of trustees."

It will be noted that the statute requires the collector of taxes elected by the board to give to the board of trustees a bond for the faithful performance of his duties. Some point is made of the failure of Edwards to execute bond to the board of trustees as required by the statute, but in Fidelity & Deposit Co. of Maryland v. Board of Trustees of Elkton Graded Common School

District, 247 Ky. 535, 57 S. W. (2d) 457, it was held that, if the sheriff is selected as collector of graded common school taxes, he is not required to execute bond to the board of trustees, but, as he collects these taxes by virtue of his office, no separate bond is necessary. Upon the failure of a board of trustees of a graded common school district to elect a collector of taxes, the sheriff of the county necessarily becomes the collector.

Section 4476 is not clear as to the time when the board of trustees must act. In order to render the act harmonious with other sections of the law governing graded common schools, it necessarily contemplates the election of a collector of taxes before the tax receipts are prepared and delivered to the sheriff by the county clerk. When the board of trustees permitted the clerk to prepare the tax receipts and deliver them to the sheriff for collection and paid the clerk for his services, this was an implied selection of the sheriff as collector of the taxes for the district.

In order to render section 4476 harmonious with other sections of the graded common school law and to prevent confusion that would arise by the election of a collector of taxes during the collection period, we have concluded that the section contemplates the election of a collector before the tax receipts have been delivered to the sheriff of the county and in no event after September 1 of the year in which the taxes are due, since section 4476a-1 provides that, after the first day of September of each year the collector shall have power to distrain sufficient personal property of each taxpayer of the district who has not paid his graded common school taxes.

Reading the various sections of the graded common school law together, it was clearly the intention of the Legislature that the sheriff of the county should act as collector of the school taxes in the event the board of trustees failed to elect a collector on or before September 1 of the year in which the taxes are due, or before the tax receipts are delivered to the sheriff.

The judgment of the circuit court being in accord with these views, it is affirmed.