## Mt. Vernon Independent Graded School Dist. et al. v. Clark et al.

Jan. 12, 1940.

William Lewis & Son for appellants.

Williams & Denny, Robert B. Bird and B. J. Bethurum for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

D. G. Clark was elected sheriff of Rockcastle county at the November, 1933, election and assumed the duties of the office January 1, 1934, at which time he executed the usual revenue bond required by Section 4130 of the Kentucky Statutes, in the penal sum of $10,000.00 together with J. Fish, J. M. Laswell, Melvin Barnett, V. C. Tate, R. L. Smith, George S. Griffin, M. L. Hamlin, C. T. Sigmon, M. C. Doan, J. B. Noe, and J. C. Byrd, as his surety, conditioned that said D. G. Clark as sheriff shall well and truly collect, account for and pay over to the persons entitled to receive the same, according to law, the county levy and public dues of the county of Rockcastle, for the year 1934, and that he shall, when called upon by the county court, settle his accounts, and pay over the amount, if any, of the public money in his hands belonging to said county and that he shall in all things well and truly demean himself and perform the duties of collector of the county levy of said county.

In March, 1938, the appellant, Mt. Vernon Independent Graded School District, and the Commonwealth of Kentucky, suing for the benefit of Mt. Vernon Independent Graded School District, brought this action in the Rockcastle circuit court to recover of Clark as sheriff and his sureties the sum of $602.70, an alleged shortage in the school funds of the said Mt. Vernon Independent Graded School District, hereinafter called plaintiff.

The petition alleges that D. G. Clark entered upon the duties of the office of sheriff and executed the bond indicated above and proceeded to collect the taxes due the said school district from the assessment roll for 1933 due and collectible in the years 1934 and 1935, and did collect taxes due the plaintiff in said years, and set out the total amount of various taxes collected and the amount paid over to the parties entitled thereto and alleged that the sum of $602.70 was due to the plaintiff on July 1, 1935, and had never been paid to plaintiff or anyone for it and was due and wholly unpaid, and prayed judgment against Clark and his sureties for said amount.

The defendants filed demurrer to the petition, which was overruled, and then filed their answer traversing the allegations of the petition, and by paragraph 6 pleaded affirmatively that they did execute the bond referred to in the petition and alleged that under the bond D. G. Clark, as sheriff of Rockcastle county, was responsible to Rockcastle county for the county revenue only as distinguished from school revenue, collected by him in the year 1934, and that under Section 4476 of the 1930 Edition of Carroll's Kentucky Statutes, he was not the tax collector for the Mt. Vernon Independent Graded School District, since he had not been designated by the school district as its tax collector at the time said bond was executed; that legislative enactment requiring the sheriff to collect the revenue for said school district was enacted subsequently to the execution of the bond and that the revenue collected by the sheriff for the school district was a subsequently imposed duty on the sheriff and created a liability not contemplated or embraced by the covenants of the bond; that the collection of the said school taxes for the plaintiff was not a function of the sheriff's office at the time said bond was executed by the defendants, and by reason of same the defendants are not liable on said bond.

By paragraph 7 defendants affirmatively pleaded that the plaintiff nor anyone in its behalf called upon or requested the defendant D. G. Clark to make a settlement with the school district for the revenue collected for it and never at any time selected a competent person to make a settlement for said district with Clark as sheriff of Rockcastle county and if there was any act of default of the defendant Clark in the year 1934, giving rights to a claim in favor of the plaintiff on said sheriff's bond, no notice of said act or default was given to the defendant Clark or the sureties on his bond, by the state auditor, by the judge of the county court or the county attorney, or any other person asserting such claim, within 90 days after such discovery, or within the period of one year from and after the end of the year within which said bond was executed and by reason of its failure to do so, it, under Section 4134 of the 1936 Edition of Carroll's Kentucky Statutes, is now barred and precluded from asserting such claim against the defendants herein. The defendants severally and independently pleaded and relied on Section 4134 as amended by the Acts of 1934, c. 20, effective March 21st of that year. That part of the Amendment to the statute relied on and pleaded as a defense by the defendants, provides that "neither the sheriff nor a surety or sureties on any bond or bonds executed by the sheriff shall be liable for any act or default of the sheriff unless the act or default of the sheriff giving rise to a claim upon such bond shall have been given to the surety or sureties by the State Auditor, the judge of the county court the county attorney or other person asserting such claim ninety days after such discovery or at the latest within the period of one year from and after the end of the year within which such bond or bonds shall have been executed."

The amendment carried with it an emergency clause and was approved by the Governor and became effective March 21, 1934.

A demurrer to the affirmative plea in the answer was filed and overruled. Certain other pleadings were filed which are not necessary to discuss, since the case was finally submitted to the court upon the following agreed stipulation:

"It is agreed and stipulated that the defendant, D. G. Clark, was the duly elected, qualified and acting sheriff of Rockcastle County, Kentucky, for the

year 1934; that on January 1, 1934, the said D. G. Clark executed a bond in the sum of $10,000.00; that at the time of the execution of said bond he was not and had not been designated by the Mt. Vernon Independent Graded School District as its tax collector; that he did not become the tax collector of the Mt. Vernon Independent Graded School District until after March 23, 1934; that the said bond was executed as provided by Section 4130, 1936 Edition of Carroll's Kentucky Statutes.

"It is further stipulated and agreed that if the defendants, or either of them, are indebted to the plaintiffs for taxes collected for the year 1934, for said school district, the amount due is $602.70.

"It is further stipulated and agreed that the plaintiffs, and neither of them, and no one for them, gave to the defendant, D. G. Clark, or to any of the defendants, any notice in writing or otherwise, at any time, as provided in Section 4134, of the 1936 Edition of Carroll's Kentucky Statutes.

"By agreement of the parties, this action is now submitted to the court for judgment on the above agreed stipulation of facts."

The court sustained defendant's plea of the statute of limitations of notice as set out in Section 4134 of the 1936 Edition of the Statutes, as amended by the Acts of 1934, and held that plaintiff's failure to give the notice provided in the statute was a bar to its right to recover, and dismissed the petition.

The questions to be determined are, (a) Was the defendant Clark collector of the school revenues in question by virtue of his office as sheriff and bound therefor under the bond executed January 1, 1934; and (b) Did the subsequent amendatory act of the Legislature enacted at its 1934 session, effective March 21, of that year, apply to or affect the bond in force and in existence previous to the amendment to the statutes, under the constitutional provision (Article 1, Section 10, Constitution of the United States, U. S. C. A.) that no legislation shall be enacted impairing the obligations of a contract. We will discuss these points in the order named.

(a) Section 4129 of the Statutes reads:

"The sheriff, by virtue of his office, shall be collector of all state, county and district taxes, unless the

payment thereof is by law, especially directed to be made to some other officer.''

It is conceded that when the defendant Clark assumed the duties of the office of sheriff and executed the bond in question on January 1, 1934, no other officer had been directed or appointed to collect the school taxes in question. It is stated in the stipulation copied above that Clark did not become the tax collector of the Mt. Vernon Independent Graded School District until after March 21, 1934 (the effective date of the amendment to Section 4134). However, we construe that part of the stipulation to mean that Clark was not formally designated by the school board as collector of said school taxes until after March 21, 1934, since it is apparent from the record that plaintiff bases its action on the theory that Clark was the collector of the school taxes by virtue of his office as sheriff and bound therefor by the bond executed January 1, 1934.

This same question was presented and determined by this court in the case of Fidelity & Deposit Company of Maryland v. Board of Trustees of Elkton Graded Common School District, 247 Ky. 535, 57 S. W. (2d) 457, 458, wherein it is said:

"In this jurisdiction, the sheriff of the county is by virtue of his office the 'collector of all state, county and district taxes, unless the payment thereof is, by law, especially directed to be made to some other officer.' Section 4129, Kentucky Statutes. Such being the case, the sheriff ex officio would be the collector of these graded school taxes, unless the collection is by law especially directed to be made to some other officer. Section 4476 of the Statutes, here under discussion, takes the collection of these district taxes away from the sheriff only in the event a collector of taxes is elected by the board of trustees of the graded common school district. In the absence of such an election, they must assign the collection of these taxes to the sheriff. Thus there is harmony in the spirit and meaning of both sections, 4129 and 4476, of the Statutes.

"The fact that Murrey had not been selected by the board of trustees to collect the school taxes prior to the execution of his official bond as sheriff is immaterial. The collection of these school taxes was a function of his office as sheriff, contingent,

however, upon the school board's failure to elect a collector and under such circumstances their necessary selection of him to collect the taxes. This being true, his surety was liable on his sheriff's bond for the shortage involved in this case.''

It appears that Section 4476 of the Statutes referred to in the above quotation was repealed by the 1934 Acts, Chapter 65, effective June 14, of that year. But it was in effect at the time of the execution of the bond in question on January 1, 1934. It is our view that the case supra, and cases cited therein are conclusive that the defendant Clark as sheriff of Rockcastle county was by virtue of his office collector of the school taxes in question and is bound therefor under the terms of the bond executed by him and his sureties, on January 1, 1934.

(b) The bond executed by Clark as sheriff January 1, 1934, was a contract between the parties and the obligations thereof must be performed under the law in effect and in force at the time of its execution. The 1934 amendment to Section 4134 of the Statutes was enacted subsequently to the execution of the bond and to give the amendatory act the retroactive effect contended for by defendants and, as applied by the chancellor, would, very clearly, in our view, impair the obligations of the bond previously executed. When the bond was executed the rights of the parties became fixed according to the laws then in force and those rights cannot be modified, impaired or otherwise disturbed by any subsequent legislation. City of Paris et al. v. Kentucky Utilities Company, 280 Ky. 492, 133 S. W. (2d) 559.

Many other authorities might be cited in support of this conclusion but we think the question is too fundamental and simple to require extensive elaboration, or citation of authorities.

It follows, therefore, that the amendment to Section 4134 of the Statutes has no valid application to bonds, contracts, or other obligations in effect previous to the effective date of the amendatory act.

For the reasons stated the judgment is reversed and remanded for proceedings consistent with this opinion.